_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JUN 17 2013

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  \*

\*

v.  \* Case No. 8:13-mj-00551-TMD

\*

SEMEON SERTSU  \*

Defendant  \*

\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on the Defendant's Motion to Dismiss Complaint (the "Motion") and the Government's Response thereto. The Defendant is charged in a three count Criminal Complaint with: (1) assaulting Ms. P (the victim) by beating, striking, and wounding, in violation of 18 U.S.C. §113(a)(4); (2) simple assault on Ms. P, in violation of 18 U.S.C. §113(a)(5); and (3) acting in a disorderly manner that disturbs the public peace, in violation of Maryland Criminal Law Article, §10-201(c)(2) as assimilated by the Assimilated Crimes Act, 18 U.S.C. §13. The Criminal Complaint is supported by the affidavit of Special Agent Tammie Johnson of the Naval Criminal Investigative Service. The affidavit states that on September 18, 2012, the victim made a report to Lt. Adam Jennings, USN Operations Officer, of an incident which occurred at the Suitland Federal Center in Suitland, Maryland on September 12, 2012. In relevant part, the affidavit states:

> The victim advised him (Lt. Jennings) that the above suspect was opening a secured door for a co-worker, "Ms. P", who had forgotten her key card, and while doing so he deliberately pressed his body up against hers and groped her left breast. Further, after opening the door for her he stared at her vaginal area and he made explicit sexual comments to her stating "now you owe me an hour and a half of that."

The Defendant moves to dismiss the first and third counts of the Criminal Complaint arguing that the facts outlined in the affidavit, even if true, do not constitute the crimes alleged.

Count 1 of the Criminal Complaint charges the Defendant with assault by beating, striking and wounding the victim. The type of assault criminalized under 18 U.S.C. §113(a)(4) requires physical contact with the victim and that the physical contact be of a specific type – a striking, a beating, or a wounding. Here, there is no allegation that the victim suffered any injuries. Therefore, this assault could not be classified as physical contact by wounding. Likewise, the facts recited in the affidavit could not be characterized as a beating. "Strike" is defined as "to aim and usually deliver a blow, stroke, or thrust (as with the hand, a weapon, or a 'tool)." Merriam-Webster Dictionary online, http:// www.merriamwebster.com/dictionary/strike (last visited June 10, 2013). "Stroke" is defined as "an act of stroking or caressing." *Id.* The Defendant is alleged to have "pressed" his body up against the victim's body and "groped" her left breast. "Grope" is defined as "to feel one's way" or "to feel up" as in "to touch or fondle (someone) for sexual pleasure." *Id.* The Court finds that the allegation that the Defendant "pressed" up against the victim and that he "groped" her left breast falls within the definition of "striking." Therefore, the Motion is **DENIED** as to Count 1.

Count 3 of the Criminal Complaint charges the Defendant with acting in a disorderly manner that disturbs the public peace. The affidavit does not state that anyone other than the Defendant and the victim were present at the time of the incident. The Defendant asserts that the offense requires a showing that a number of people were gathered in the same area in which the alleged disturbing conduct occurred. The Government, on the other hand, argues that only one person's peace needs to be disturbed for there to be a violation of the statute. Here, the Government asserts that the Defendant's conduct disturbed the public peace enjoyed by Ms. P,

2

the victim. In *Okwa v. Harper,* 360 Md. 161 (2000) the Court of Appeals of Maryland considered the predecessor of §10-201(c)(2). It stated "We have interpreted the statute to prohibit 'the doing or saying, or both, of that which offends, disturbs, incites, or tends to incite, **a number of people** gathered in the same area.'" *Okwa,* 360 Md. at 184, citing *Dennis v. State,* 342 Md. 196 (1996), *vacated on other grounds and remanded,* 519 U.S. 802 (1996), *affirmed on remand,* 345 Md. 649 (1997) (emphasis added). All of the cases cited by the parties involve the presence of more than one person at the scene of the defendant's disorderly conduct or at least a factual dispute as to the existence of others present. The Court has not found any cases which would support a conviction under §10-201(c)(2) where the only person present and disturbed by the defendant's conduct is the victim of an assault perpetrated by the defendant. Therefore, the Motion is **GRANTED** as to Count 3.

6/10/13
Date

Thomas M. DiGirolamo
United States Magistrate Judge